# UNITED STATES DISTRICT COURT
## THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

UNITED STATES OF AMERICA, Plaintiff,

v.

SETH SUNDBERG _____, Defendant.

Case Number __09-mj-70796RS_____

ORDER OF DETENTION PENDING TRIAL

    In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on September 14, 2009. Defendant was present, represented in pro se. The United States was represented by Assistant U.S. Attorney Jeff Schenk .

**PART I. PRESUMPTIONS APPLICABLE**

    / / The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and the defendant has been convicted of a prior offense described in 18 U.S.C. § 3142(f)(1) while on release pending trial for a federal, state or local offense, and a period of not more than five (5) years has elapsed since the date of conviction or the release of the person from imprisonment, whichever is later.

    This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

    / / There is probable cause based upon (the indictment) (the facts found in Part IV below) to believe that the defendant has committed an offense

    A. ___ for which a maximum term of imprisonment of 10 years or more is prescribed in 21 U.S.C. § 801 et seq., § 951 et seq., or § 955a et seq., OR

    B. ___ under 18 U.S.C. § 924(c): use of a firearm during the commission of a felony

    This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

    / X / No presumption applies.

**PART II. REBUTTAL OF PRESUMPTIONS, IF APPLICABLE**

    / / The defendant has not come forward with sufficient evidence to rebut the applicable presumption[s], and therefore will be ordered detained.

    / / The defendant has come forward with evidence to rebut the applicable presumption[s] to wit: .

    Thus, the burden of proof shifts back to the United States.

**PART III. PROOF (WHERE PRESUMPTIONS REBUTTED OR INAPPLICABLE)**

    / X / The United States has proved to a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required, AND/OR

    / X / The United States has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

**PART IV. WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION**

    / X / The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows: The government makes a seemingly weighty case that defendant engaged in a clever and complex fraud to obtain a tax "refund" from the IRS in an astonishing amount exceeding $5 million. Thereupon, he deposited the refund in a bank account and embarked on elaborate steps to move it and conceal it from being traced. He left his customary residence and moved into a hotel. He made preparations to flee, either by going into hiding in some remote area "off the grid" or by moving to Panama, where he had established a bank account. He possessed false identity documents. At the time of his arrest, he had over $500 thousand in his hotel room and another approximately $300 thousand in his car.

Ignoring the court's strong advice, he insisted on representing himself. Then, he read statements from a prepared script that showed he was guided by his own ideas of what was legal and acceptable conduct, and that the laws in question did not apply to him (apparently, on the outlandish theory that he was the beneficiary of some unspecified trust over which the court should acknowledge that it was the "trustee"). He repeated over and over that he "did not recognize the jurisdiction" of this court. By his own words Sundberg convincingly demonstrated that he was not amenable to pretrial supervision, that - if given the opportunity - he would likely again engage in the conduct he is accused of here, and that he would not follow whatever terms or conditions the court might establish for his release.

    / / Defendant, his attorney, and the AUSA have waived written findings.

FILED

SEP 1 5 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**PART V. DIRECTIONS REGARDING DETENTION**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: 9/15/09

_____
HOWARD R. LLOYD
United States Magistrate Judge

AUSA ___, ATTY _____, PTS ____